IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ERIC DILWORTH                                                                                    PLAINTIFF

V.                                                                                    NO. 1:18CV119-SA--JMV

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

### ORDER

Before the court are Eric Dilworth's *pro se* complaint [1] and Motion [2] to proceed *in forma pauperis* ("IFP") in this action. For the reasons set out below, this case will not be allowed to proceed unless and until Mr. Dilworth provides more information.

First, with regard to the *pro se* complaint, Mr. Dilworth has submitted a form complaint for review of a decision of the Commissioner of Social Security. The form specifically required Mr. Dilworth—under section two, "Basis for Jurisdiction"—to attach a copy of the Commissioner's final decision *and* a copy of the notice of the Appeals Council's denial of his appeal.

The Social Security Act provides for district court review of the final decision of the Commissioner. Title 42 U.S.C. § 405(g) provides, in pertinent part that:

> Any individual, after any *final* decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added). A Social Security claimant must exhaust administrative remedies before seeking review in federal court. *Sims v. Apfel,* 530 U.S. 103, 107 (2000); *see also* 20 C.F.R. §§ 404.900(a)(5), (b), 416.1400(a)(5), (b). Ultimately, a district court does not have jurisdiction to review the Commissioner's final decision unless the claimant has exhausted

his administrative remedies. *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

Furthermore, a claimant has sixty days from the date he receives notice of the Appeals Council's decision denying a request for review to file an action in federal court, or the action may be deemed time-barred.

Here, review of a copy of the adverse decision and a copy of the notice of the Appeals Council's decision is essential for this Court's determination of whether it has jurisdiction over the case and whether Mr. Dilworth may proceed with his case.

Second, with regard to the IFP motion, it is a one paragraph motion wherein Mr. Dilworth essentially states he is unable to pay the filing fee and requests leave to proceed IFP. A district court may authorize the commencement of an action without the payment of the filing fee by persons who submit an affidavit that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant[s] in order to determine whether payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). It is appropriate for the Court to consider a spouse's income in making a determination regarding the claimant's financial ability to pay the filing fee. *See Bruton v. Colvin*, No. 4:14cv83-A, 2014 WL 840993, at *1 (N.D. Tex. March 4, 2014). *See also Dixon v. Colvin*, No. 3:15-cv-263-B-BN, 2015 WL 899019, at * 2 (N.D. Tex. March 3, 2015) (quoting *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md. 1978) ("[Whether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit, moreover,] . . . depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend."). Based on this authority, Mr. Dilworth must submit information regarding his financial situation.

Finally, all of the requested information must be provided in order for this Court to determine whether it has jurisdiction over this case and whether Mr. Dilworth may proceed IFP.

Accordingly, it is **ORDERED**:

That within fourteen (14) days of this date, Mr. Dilworth must supplement his complaint and IFP motion, respectively, by providing to the Clerk a copy of the adverse decision of which he complains, the Appeals Council's notice, and a completed copy of the attached IFP affidavit form.  Mr. Dilworth is warned that failure to fully comply with this order may lead to dismissal of this case.

**THIS** 22nd day of June, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | )
*Plaintiff/Petitioner* | )
v. | ) Civil Action No.
| )
*Defendant/Respondent* | )

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
**(Short Form)**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are:


My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment    ❒ Yes    ❒ No
(b) Rent payments, interest, or dividends             ❒ Yes    ❒ No
(c) Pension, annuity, or life insurance payments      ❒ Yes    ❒ No
(d) Disability, or worker's compensation payments     ❒ Yes    ❒ No
(e) Gifts, or inheritances                            ❒ Yes    ❒ No
(f) Any other sources                                 ❒ Yes    ❒ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

    4. Amount of money that I have in cash or in a checking or savings account: $ _____ .

    5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

    6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

    7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

    8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

    *Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____

                                                            *Applicant's signature*

                                                             *Printed name*