# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**ERIC DILWORTH**                                                                                         **PLAINTIFF**

**V.**                                 **NO. 1:18CV119-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## ORDER ON MOTIONS

On October 26, 2018, Plaintiff filed a motion for summary judgment [22]. On November 1, Plaintiff filed a motion to amend his brief [23]. The same day Plaintiff filed a motion to revise a brief already submitted. For the reasons set out below, Plaintiff's motion for summary judgment is DENIED; Plaintiff's motion to amend [23] is granted; and Plaintiff's motion to revise [25] is deemed moot.

Plaintiff's stated basis for seeking summary judgment is his claim that the certified administrative record filed by the Acting Commissioner of Social Security is not "the proper evidence required by the court" because it is not "text-searchable" and, therefore, does not comply with the court's Order or Rule 56 of the Federal Rules of Civil Procedure. As Defendant points out, summary judgment is only "appropriate if the record discloses 'that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.'" *See Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted). Because Plaintiff points the Court to a putative procedural issue, as opposed to pointing to evidence that entitles him to entry of judgment in his favor, he has failed to convince the Court that entry of judgment is appropriate. Furthermore, as is customary in Social Security cases filed in this district, an Order Directing Filing of Briefs [14] was entered September 14, 2018, which Order directed Plaintiff to file a memorandum brief that sets out all errors he contends entitle him to relief. That Order further explained that the issues before the Court would be limited to the

issues properly raised in the briefs and that oral argument would be held before the undersigned. Based on this, summary judgment motion practice is neither permitted nor necessary. Lastly, Plaintiff is simply incorrect to the extent he contends the Court's Order requires that the administrative record be "text-searchable." As Defendant states, the electronic copy of the administrative record filed with the Court does in fact contain a searchable page navigation toolbar of the PDF reader, as referenced in the Court's Order.

Next, Plaintiff filed his initial brief [20] on October 19. Then, by his motion to amend [23] filed November 1, Plaintiff requested leave to amend his brief to comply with the instructions in the Order Directing the Filing of Briefs on the basis that he had not received that Order prior to filing his initial brief. The same day, Plaintiff filed his amended brief [24] and a motion to revise [25] the initial brief. The Court finds that the motion to revise the initial brief is duplicative of the motion to amend. Because Defendant does not oppose Plaintiff's request for leave to amend and for good cause shown, Plaintiff's brief [24] filed November 1 is deemed the operative brief for Plaintiff, and Defendant shall have 30 days from this date in which to file a responsive brief. Plaintiff will have seven (7) days from the filing of Defendant's brief to file any reply.

So ORDERED this 11th day of December, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE