**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

ERIC DILWORTH                                              PLAINTIFF

NO. 1:18CV119-JMV

COMMISSIONER OF SOCIAL SECURITY                            DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court on Plaintiff's Complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, is of the opinion that the decision of the Commissioner should be affirmed for the reasons that follow.

## Procedural History

On September 9, 2015, Plaintiff filed for Title II disability insurance benefits and Title XVI supplemental security income under the Act, 42 U.S.C. § 401 *et seq.*, alleging disability beginning June 15, 2015. After his applications were denied initially and at the reconsideration level, Plaintiff requested a hearing, which an administrative law judge (ALJ) held on June 14, 2017. Plaintiff, represented by an attorney, and a vocational expert (VE) testified at the hearing. The ALJ noted Plaintiff requested a closed period of disability from April 1, 2014, through April 13, 2015. On August 22, 2017, the ALJ issued a decision finding Plaintiff not disabled "through the date of this decision" even though the claimant had requested a closed period of disability.

Plaintiff requested that the Appeals Council ("AC") review the ALJ's decision, and on May 11, 2018, the AC denied his request for review. Thus, the ALJ's August 22, 2017 decision became the Commissioner's final decision and subject to judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff filed his Complaint [1] in this Court on June 20, 2018. The Court issued a briefing schedule and set this matter for a telephonic hearing, which was held on June 26, 2019.

## Sequential Evaluation Process and ALJ Findings

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 416.920. The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability, and if the claimant is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove he is not currently engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). At step three the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.10 (2010). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. Accordingly, if a claimant's impairments meet or medically equal the requisite criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity.

Before moving to step four, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1520(e) and 416.920(e); SSR 96-8p. At step four, the claimant bears the burden of proving he is incapable of meeting the physical and/or mental demands of his past relevant work. 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner at step five to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he is capable of performing other work. 20 C.F.R §§ 404.1520(f)(1) and 416.920(g)(1). If the Commissioner proves other work exists (in significant numbers in the national economy) which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *Muse*, 925 F.2d at 789. The Commissioner can meet this burden by relying on the Medical-Vocational Guidelines ("Grid Rules")—in appropriate circumstances—or VE testimony. If the Agency conclusively finds that a claimant is or is not disabled at any point in the five-step process, the evaluation may terminate at that point. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).

In this case Plaintiff alleged disability beginning April 1, 2014, after stepping on a nail with his left foot, resulting in limited use of that foot. Born in 1972, at the end of the relevant period, Plaintiff was a younger individual age 45-49 and had completed college. So, at step one, though the ALJ noted Plaintiff had likely engaged in SGA after his April 1, 2014 alleged onset date, he gave him the benefit of the doubt and moved to the next step of the process.[1] At step two, the ALJ found Plaintiff's "left foot injury" was a "severe impairment" under the Act. At step three,

---

[1] The ALJ also noted Plaintiff's hearing testimony that he returned to work in April 2015 and Plaintiff's admission that he was able to work 40 hours per week.

the ALJ found Plaintiff's impairment or combination of impairments did not meet or medically equal any impairment for presumptive disability in the Listing of Impairments, including Listings 1.02A or 1.02B, at any time during the adjudicated period.

Next, the ALJ determined Plaintiff had the RFC to perform the full range of sedentary work activity as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). The ALJ concluded Plaintiff's subjective complaints of disabling pain and other symptoms were "not entirely consistent with the medical evidence and other evidence in the record." The ALJ further found Plaintiff did not have the RFC to perform his past relevant work (PRW). At step five, the ALJ relied on Grid Rule 201.21 in concluding that other work was available in significant numbers in the national economy to a person sharing Plaintiff's RFC and vocational profile. Thus, the ALJ determined that Plaintiff was not disabled at any time through the date of his decision.

## Standard of Review and Legal Principles

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell,* 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.1994). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

A claimant must prove his disability, as defined by the Act, to be entitled to Social Security disability benefits. *See Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The claimant also bears the burden of showing that any alleged error of law was prejudicial because the Supreme Court has recognized that the doctrine of harmless error applies to administrative determinations, and the Fifth Circuit has specifically held that it will not vacate a judgment unless the substantial rights of a party are affected. *See Shinseki v. Sanders*, 556 U.S. 396, 407-08 (2009); *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

### Law and Analysis

In his initial brief [24] Plaintiff first asserted that "it should have been determined that . . . [he] was disabled during the closed claim period." Plaintiff stated he "was disabled 4/11/14 and still suffer[s] from the disability now . . . and was disabled 06/25/2015; [sic] which covers the time period of the closed claim period." Plaintiff made several additional arguments in this initial brief; however, after the Commissioner responded to Plaintiff's brief, Plaintiff filed a

reply brief [34], wherein he reiterated the arguments made in his initial brief and added several new arguments. Both in his reply brief and during the telephonic hearing, Plaintiff maintained he is "entitled to a closed period [of disability] from April 1, 2014, through July 24, 2015, *see* Pl.'s Reply Br. 40, and presented the following assignments of error:

**Assignment of Error No. 1**

First, Mr. Dilworth argues the ALJ erred in his review of the evidence. Specifically, Plaintiff contends "[the ALJ stated that] [o]n April 9, 2014, the claimant presented to Hilary Glover, a nurse practitioner, after stepping on a nail with his left foot on April 1, 2014" when in fact "the record shows that . . . [he] actually made [his] first visit to Glover on 04/03/2014." Pl.'s Reply Br. 2.[2]

While the Commissioner and the Court agree with Mr. Dilworth that the record establishes that he first presented to Nurse Glover on April 1, 2014, the Court, nevertheless, finds that any error in the ALJ's assessment was harmless because Mr. Dilworth has failed to argue, and this Court cannot find, there was any prejudice to Mr. Dilworth as a result of the ALJ's alleged error. *See Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

**Assignment of Error No. 2**

Mr. Dilworth next argues the ALJ erred because he failed to give a reason why Plaintiff, who was 45 years old ("a younger individual aged 45-49") at the time of the hearing, was not

---

[2] The record indicates Mr. Dilworth presented to Nurse Glover on April 1, 2014, with a puncture wound to his left foot and was returned to work during a follow up visit on April 9, 2014, with only a restriction of "no weight bearing" on the left foot. Mr. Dilworth was returned to full work duties on April 24, 2014.

determined to be someone who is "more limited in [his] ability to adjust to other work than persons who have not attained 45 years of age." Pl.'s Reply Br. 3-4.

I find this claim is without merit. The only justification Plaintiff gives for this assignment of error is that "in some circumstances, . . . regulation [20 C.F.R. § 404.1563] will allow for consideration of a person 45-49 to be more limited in their ability to adjust to other work than persons who have not attained 45 years of age." Plaintiff fails to recognize, however, that the only circumstance referenced in § 404.1563 involves individuals who fit squarely within the criteria of Grid Rule 201.17, which considers a (1) younger individual age 45-49 who is (2) illiterate or unable to communicate in English and whose (3) past work includes only unskilled work or none and (4) whose maximum capability for work is sedentary to be disabled. *See* 20 C.F.R., Part 404, Subpart P, App. 2, Rule 201.17. Because the ALJ found Mr. Dilworth had at least a high school education[3] and could communicate in English, Grid Rule 201.17 did not apply. Accordingly, any error by the ALJ in failing to provide the explanation sought by Mr. Dilworth was harmless.

**Assignment of Error No. 3**

Plaintiff next contends the ALJ erred in his finding that "transferability of job skills is not material to the determination of disability because applying the medical-vocational rules directly supports a finding of 'not disabled,' whether or not the claimant has transferrable job skills." *See* Pl.'s Reply Br. 12, 33-34. Plaintiff argues that because of his age at the time of the hearing and the fact he was restricted to sedentary work and could not perform his past work, "the transferability of my job skills are what is used to determine rather [sic] or not I am

---

[3] At the hearing before the ALJ, Mr. Dilworth testified he had attained a bachelor's degree in technical management.

disabled." *Id.* at 12.

Plaintiff acknowledges the VE testified that none of his past jobs provided him with skills which were transferrable to other work. *Id*. at 13. Moreover, Plaintiff concedes that the "VE is permitted to testify as to whether a claimant has attained transferable skills in a prior job." *See id.* at 16. Accordingly, I find substantial evidence supports the ALJ's finding that Grid Rule 201.21 directed a finding of "not disabled" in this case.[4] Rule 201.21 applies to individuals with an RFC for the full range of sedentary work[5] and who are younger individuals (age 45-49) with a high school degree (or more) and with skilled or semiskilled skills that are not transferable and directs a finding of not disabled. *See* 20 C.F.R., Part 404, Subpart P, App. 2, Rule 201.21. However, if the same individual had skilled or semiskilled skills that were transferable to other work, under Grid Rule 201.22 that individual is also considered *not* disabled. *See id*., Rule 201.22. Hence, transferability of job skills is not material to a determination of disability with respect to a person with Plaintiff's RFC and vocational profile.

**Assignment of Error No. 4**

Mr. Dilworth complains that the ALJ and AC failed to consider Dr. Wendy Nethery's opinion that he was disabled. Pl.'s Reply Br. 41. Plaintiff argued at the telephonic hearing that

---

[4] When the characteristics of the claimant correspond to criteria in the grids, and the claimant either suffers only from exertional impairments or his nonexertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Grids in determining whether there is other work available that the claimant can perform. *See Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987) (citing 20 C.F.R. § 404.1569 & Subpart P., App. 2, § 200.00); *see also Dellolio v. Heckler,* 705 F.2d 123, 127–28 (5th Cir.1983).

[5] The applicable regulation defining sedentary work provides the following definition: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *See* 20 C.F.R. § 404.1567(a). Mr. Dilworth has failed to point to any evidence in the record that indicates he was not capable of sedentary work activity for a continuous period of at least a year. Indeed, he testified before the ALJ that "during that first year [after injury]" he could stand for "three or four hours" at a time before his foot would start to "give [him] problems."

neither the ALJ nor the AC referenced the additional evidence (records from Magnolia Orthopedics dated June 16, 2015, through July 24, 2015, and September 18, 2015, through February 10, 2016) submitted to the AC. Additionally, Mr. Dilworth appears to contend the ALJ did not properly apply the treating source rule to the present matter thereby depriving him "of a substantial right and important benefit or safeguard." *Id*. at 8, 10, 44-45.

First, Plaintiff can hardly complain the ALJ erred because he acknowledges the additional evidence, including, but not limited to, Dr. Nethery's opinion, was submitted for the first time to the AC (after issuance of the ALJ's decision). And, to the extent Plaintiff contends the AC erred by failing to consider the evidence, the undersigned finds the argument is without merit because the duration of the alleged period of "totally disabled" opined by Dr. Nethery (June 26, 2015, to July 24, 2015) was only approximately a month—and eleven months shy of meeting the disability duration requirement[6]. Moreover, the form that contained Dr. Nethery's opinion was dated October 26, 2015, and indicated that Plaintiff was to return only as needed. Finally, the Fifth Circuit has said:

> We do not require that an ALJ justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because such decisions are reserved for the Commissioner. *Frank v. Barnhart,* 326 F.3d 618, 620 (5th Cir. 2003). An ALJ need not give special weight to treating physicians' opinions if they have no special significance. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Id.*

*Miller v. Barnhart*, 211 Fed. App'x. 303, 305 (5th Cir. 2006). Based on this, the undersigned finds Plaintiff has failed to show that consideration of Dr. Nethery's opinion would have

---

[6] *See* 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be

9

changed the ALJ's decision. *See Jones v. Astrue*, 228 Fed. App'x 403, 406-407 (5th Cir. 2007). Furthermore, nothing else in the additional evidence submitted to the AC diluted the ALJ's decision to the point that it is not supported by substantial evidence. *See id.*

**Assignment of Error No. 5**

Mr. Dilworth argues the ALJ failed to give a reason "why he did not give any weight to the (VE's) testimony" that a hypothetical individual of Plaintiff's age, education, and vocational background who had to "occasionally, that is up to 15 times a month, elevate his leg, his left leg at a 90-degree angle for two—for up to two hours at a time . . . during work hours" would be unable to find work. Pl.'s Reply Br. 13, 23-24, 34. The claimant further argues "it was not the ALJ's duty to determine my RFC. The (VE) in my case said that there were not any jobs that I was transferrable to . . . so, it was determined by the (VE) that I did not have full range of sedentary work." *Id*. at 39.

First, the VE's response to the hypothetical question that matched the RFC found by the ALJ in this case was that sedentary jobs *were* available in the national economy that the hypothetical individual could perform. Accordingly, the ALJ was not required to give any credence to testimony by the VE that related to an RFC the ALJ did not adopt. Plaintiff has presented no legal authority that challenges this conclusion. And, to the extent Plaintiff's argument is that the ALJ's hypothetical was flawed because it did not contain all of his limitations, such an argument is without merit because Plaintiff has failed to point to any medical evidence in the record that substantiates the additional limitations proffered to the VE by his attorney at the hearing, i.e., the need to "occasionally . . . [i.e.,] up to 15 times a month,

---

expected to last for a continuous period of at least 12 months. We call this the duration requirement.")

elevate his leg, his left leg at a 90-degree angle for two—for up to two hours at a time . . . during work hours."

Next, with respect to Plaintiff's argument that it was not the ALJ's duty to determine his RFC, Plaintiff is mistaken. Final responsibility for determination of a disability applicant's RFC is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(2).

Finally, while the VE testified Plaintiff's *job skills*—attained from his past semi-skilled jobs—were not transferrable to other work, he also testified there were *unskilled jobs* available for a person with Plaintiff's RFC and vocational profile.

**Assignment of Error No. 6**

Mr. Dilworth argues the ALJ erred in finding his impairments did not meet or equal listings 1.02A or 1.02B or any other listed impairment. *See* Pl.'s Reply Br. 5, 22-24. The ALJ found the claimant's impairments did not meet or medically equal "Listings 1.02A or 1.02B, which requires involvement of one major peripheral weight-bearing joint resulting in ineffective ability to ambulate or involvement of one major peripheral joint in each upper extremity resulting in ineffective ability to perform fine and gross manipulation as defined in 1.00B2b."

Because step three of the sequential evaluation process creates a presumption of disability, satisfying a listing's criteria is a "demanding and stringent" task, which places the burden on the plaintiff. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). This burden may only be satisfied through medical evidence, not subjective complaints. *McCuller v. Barnhart*, 72 Fed. App'x 155, 158 (5th Cir. 2003); *see also Forest v. Astrue*, Civil Action No. 11-2017, 2012 WL 3137844, at *8 (E.D. La. 2012)

(collecting cases). If a plaintiff meets only some of the criteria, no matter how severely, he does not satisfy a given listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The medical evidence in this case indicates the claimant's left foot injury was diagnosed as "sesaimoid/hypertropy" and "left tibial sesamoiditis."[7] Accordingly, the claimant has failed, at minimum, to show his condition met either listing with the required involvement of a major peripheral weight-bearing joint, i.e., the hip, knee, or ankle or the required involvement of a major peripheral joint in each upper extremity, i.e., shoulder, elbow, or wrist-hand.

Nor has Plaintiff shown his condition equaled either listing. Plaintiff essentially argued at the hearing that his ability for weight bearing was impaired and that he experienced listing-level pain. As pointed out by the Commissioner during the telephonic hearing, even if the Court accepted this argument—which it does not—Mr. Dilworth has failed to show his condition satisfied the one-year durational requirement. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(a) ("The inability to ambulate effectively or the inability to perform fine and gross movements effectively must have lasted, or be expected to last, for at least 12 months."). *See also Zimmer v. Colvin*, No. 4:14-CV-347-CAN, 2016 WL 310277, at *13 (E.D. Tex. Jan. 26, 2016). *But see* 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled . . . .").

---

[7] Plaintiff described his impairment at the hearing as "tibial sesamoiditis and hypertrophy of the sesamoid bone."

**Assignment of Error No. 7**

Here, Mr. Dilworth contends the ALJ erred in considering his credibility in formulating an RFC.[8] Plaintiff contends that SSR 96-8p "states" the RFC assessment must be based solely on the individual's impairment(s) and not his credibility or character. Pl.'s Reply Br. 2-4, 36. Additionally, Plaintiff suggests the ALJ erred by not crediting his subjective complaints and concluding he could perform the full range of sedentary work despite his consistent complaints that "there is a not [sic] at the bottom of my left foot and when a [sic] stand on it to [sic] long it swells and hurts." *See* Pl.'s Reply Br. 10-13, 29, 34-35. Plaintiff also asserts, among other things, that he provided "documentation" about the symptoms, causes, and treatment related to sesamoiditis which "validated" his complaints. *Id*. at 13-14.

First, the ALJ concluded Plaintiff's subjective complaints of disabling pain and other symptoms were "not entirely consistent with the medical evidence and other evidence in the record." This finding does not amount to a credibility determination. The ALJ pointed out that Plaintiff had testified that the pain in his foot was really bad on a daily basis for only 3 weeks following the injury and that Plaintiff stated with uncertainty that he had to elevate his foot for 2 to 3 hours when the pain was bad. The ALJ also pointed out Dr. Nethery's records from September 2015 indicated that despite Plaintiff's complaint of a painful knot in his foot since his injury, he had been "completely non-compliant with ALL instructions" and had no edema, no palpable knot, no pain with palpation, and full ambulation in street shoes. Furthermore, as

---

[8] Mr. Dilworth points out that SSR 96-7p, which explained how and under what circumstances an adjudicator was to assess a claimant's credibility in evaluating subjective symptoms, was rescinded and superseded by SSR 16-3p, which provides clarification "that subjective symptom evaluation is not an examination of an individual's character" and guidance to adjudicators "about how [to] evaluate statements regarding intensity, persistence, and limiting effects of symptoms in disability claims." *See* SSR 16-3p.

13

pointed out above, Plaintiff was released to full (light) work duties on April 24, 2014, and Plaintiff testified that during the year immediately following his injury he could stand three or four hours before having to sit.[9] Ultimately, any error committed by the ALJ in considering the claimant's character is harmless because substantial evidence in the record supports the ALJ's determination that Mr. Dilworth could perform the full range of sedentary work.

## Conclusion

For the foregoing reasons, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner will be **AFFIRMED**.

This, the 10th day of September, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[9] Mr. Dilworth also testified he was fully independent in activities of daily living during the year immediately following his injury.